**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| ÁNGEL L. VARGAS-DE JESÚS, | |
| Petitioner, | CIVIL NO. 18-1169 (PAD) |
| v. | |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

## OPINION AND ORDER

Delgado-Hernández, District Judge.

Before the court is petitioner's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence" (Docket No. 2), which the government opposed (Docket Nos. 25). Given that the residual clause in the career offender provision of the Sentencing Guidelines in effect at the time of sentencing is not unconstitutionally vague, the motion is DENIED and the case DISMISSED.

## I. PROCEDURAL BACKGROUND[1]

On May 8, 2003, a grand jury returned a six-count Indictment against petitioner and nine co-defendants charging them in Count one with conspiracy to possess with intent to distribute and distribute one kg or more of heroin, five kg or more of cocaine, and a traceable amount of marihuana in violation of 21 U.S.C. § 841 and § 846. See, Crim. No. 03-135 (PAD, Docket No. 2).[2] On August 17, 2004, he pled guilty to Count under a plea agreement. See, Crim. No. 03-135

---

[1] The criminal case (Crim. No. 03-135 (PAD)) was initially assigned to Héctor M. Laffitte (U.S.D.J., now retired) (Crim. No. 03-135 (PAD, Docket No. 43). On April 25, 2007, it was reassigned to the Docket of now-retired Judge José A. Fusté. Id. at Docket No. 374. On October 4, 2016, it was reassigned to the Docket of the undersigned. Id. at Docket No. 482.

[2] Petitioner was also charged in Counts three, four, five, and six of the Indictment, with conspiracy to use a communication facility for drug trafficking in violation of 21 U.S.C. §§ 843(b) and 846 (Count three); conspiracy to commit money laundering in violation of 18 U.S.C. §1956(h) (Count four); narcotics forfeiture in the sum of $2

<u>Vargas-De Jesús</u> v. <u>United States</u>
Civil No. 18-1169 (PAD)
Opinion and Order
Page 2

(PAD, Docket No. 189).  As part of the agreement, he was held accountable for conspiring to possess with the intent to distribute at least 400 grams but less than 700 grams of heroin in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), (b)(1)(C), and 846 (Crim. No. 03-135 (PAD), Docket No. 189, p. 3).  On December 9, 2004, he was sentenced as a career offender to 188 months of imprisonment to be served consecutively to any undischarged term of imprisonment being served by him at the time of the commission of the offense in accordance with Sentencing Guideline Section 5G1.3(a), followed by five years of supervised release, and a special monetary assessment of $100.00 (Crim. No. 03-135 (PAD), Docket No. 260; Docket No. 313, pp. 11-12, 17).[3]

On December 20, 2004, petitioner appealed the plea and sentence (Crim. No. 03-135, Docket No. 264).  On November 16, 2006, the First Circuit affirmed the Judgment.  <u>Id.</u> at Docket No 363.  On November 30, 2007, he filed *pro se* a "Motion under 28 U.S.C. § 2255…" invoking ineffective assistance of counsel during plea negotiations (Civil No. 07-2140 (PAD), Docket No. 1), which the court dismissed on June 9, 2008 (Civil No. 07-2140 (JAF), Docket Nos. 4, 5).

On January 7, 2016, petitioner filed *pro se* a motion to reduce sentence under Amendment 782 (Crim. No. 03-135 (PAD), Docket No. 476).  On January 30, 2017, Attorney Jorge Armenteros appeared on petitioner's behalf in that case.  <u>Id.</u> at Docket No. 499.  On March 28, 2017, he

---

million in connection with 21 U.S.C. §§ 853(a)(1), 853(a)(2), and 853(p)(Count five); and money laundering forfeiture in the same amount under 18 U.S.C. § 882(a)(1)(Crim. No. 03-135 (PAD), Docket No. 2).

[3] Initially, the court sentenced petitioner to 200 months of imprisonment (Crim. No. 03-135 (PAD), Docket No. 313, p. 12).  After hearing arguments, it reduced the sentence to 188 months.  <u>Id.</u> at p. 17.  As part of the Judgment, it recommended the Bureau of Prisons ("BOP") that petitioner be allowed to serve his federal sentence first and then be returned to the Commonwealth of Puerto Rico to serve the remainder of his sentence (Crim. No. 03-135 (PAD), Docket No. 260, p. 2).

<u>Vargas-De Jesús</u> v. <u>United States</u>
Civil No. 18-1169 (PAD)
Opinion and Order
Page 3

questioned the BOP's computation as to the date of petitioner's departure from incarceration (Crim. No. 03-135 (PAD), Docket No. 501).  On April 17, 2017, the government opposed the motion (<u>id.</u> at Docket No. 503), supplementing the opposition on April 26, 2017.  <u>Id.</u> at Docket No. 504.  To this end, it noted that petitioner had failed to exhaust administrative remedies (<u>id.</u> at 503, p. 2), and that he had filed a petition in the Middle District of Florida with the same challenge. <u>Id.</u> at Docket No. 504.

Meanwhile, on July 1, 2016, petitioner sought leave *pro se* from the First Circuit to file a second or successive 28 U.S.C. § 2255 motion to challenge on the basis of <u>Johnson</u> v. <u>United States</u>, 576 U.S. 591 (2015) (<u>Johnson II</u>), his designation as a career offender under the Sentencing Guidelines (Docket No. 1-1).  On December 20, 2017, the First Circuit granted the application, authorizing him to pursue in this court a challenge to the career offender designation based on <u>Johnson II</u> (Crim. No. 03-135 (PAD), Docket No. 508).

With this authorization, on March 27, 2018, petitioner initiated *pro se* the present case (Docket No. 2) and requested appointment of counsel (Docket No. 3).  On March 27, 2018 and April 26, 2018, the court ordered him to complete and submit the required forms and financial affidavit to determine if appointment of counsel was warranted (Docket Nos 5, 9).  On May 17, 2018, petitioner complied with the court's order (Docket Nos. 10 and 11), and on May 29, 2018, the court appointed Attorney Leonardo Aldridge as counsel (Docket No. 12).

On December 20, 2018, given that motions related to petitioner's sentence were being docketed in different cases, to facilitate review the court issued a Memorandum and Order recounting the background and placing the motions in context (Docket No. 14).  That same day,

<u>Vargas-De Jesús</u> v. <u>United States</u>
Civil No. 18-1169 (PAD)
Opinion and Order
Page 4

it ordered Attorney Armenteros (attorney in Crim. No. 03-135)(PAD)) and Attorney Aldridge to meet and inform the court as to: (i) why in the interest of judicial economy and to avoid piecemeal consideration of petitioner's requests the arguments raised in the Amendment 782 motion in Crim. No. 03-135)(PAD) could not be considered in the present case; (ii) whether attorney Armenteros would remain as petitioner's counsel and for what purpose; and (iii) if attorney Aldridge's appointment here was still warranted (Docket No. 14, pp. 5-6).  Additionally, the court ordered petitioner to supplement his Section 2255 petition and the government to respond.  <u>Id.</u> at 6. Because counsel did not comply, on October 2, 2019, the court ordered filing of a joint motion informing the court of the status of the case (Docket No. 15).

On October 12, 2019, attorney Aldridge expressed that, from his perspective: i) the Amendment 782 motion should be considered as part of this case, to avoid piecemeal litigation; ii) attorney Armenteros would remain as counsel for petitioner here, although there is no formal notice of appearance in this case; and (iii) he saw no need for court appointed counsel at this time, as attorney Armenteros would represent petitioner (Docket No. 16).  Based on these representations, the court granted him leave to withdraw (Docket No. 17).  And, it granted attorney Armenteros an opportunity to supplement both petitioner's Section 2255 motion and his motion for a sentence reduction under Amendment 782, as well as a term for the government to respond. <u>Id.</u>

On February 11, 2021, the government filed two motions, mainly challenging the court's order to address all of petitioner's claims in the instant case, requesting additional time to comply,

and moving to dismiss petitioner's Amendment 782 request (Docket Nos. 18 and 19).[4]  The next day, the government stated that petitioner had been released from custody on December 18, 2020, and as a result, the custodial sentence could not be reduced (Docket No. 20).  On February 12, 2021, the court ordered petitioner to show cause as to why both his Section 2255 petition and his Amendment 782 motion should not be considered moot in light of his release (Docket No. 22).  In response, he indicated that because of his release, the 782 request was moot (Crim. No. 03-135 (PAD), Docket No. 530).  On this basis, the court will deny as moot petitioner's request for a sentence reduction under Amendment 782 and address the Section 2255 petition.[5]

## II.  STANDARD OF REVIEW

Section 2255 provides for post-conviction relief in four instances, namely, if the petitioner's sentence: (1) was imposed in violation of the Constitution; (2) was imposed by a court that lacked jurisdiction; (3) exceeded the statutory maximum; or (4) was otherwise subject to collateral attack.  See, David v. United States, 134 F.3d 470, 474 (1st Cir. 1998)(identifying grounds for post-conviction relief).  The catch-all fourth category includes only assignments of error that reveal fundamental defects which, if uncorrected, will result in a complete miscarriage of justice or irregularities that are inconsistent with the rudimentary demands of fair procedure.

---

[4] The government argued that a motion for sentence reduction is beyond the scope of a Section 2255 proceeding and reiterated that it opposed petitioner's request because he was a career offender (Docket No. 18).  But then, it advanced that petitioner had been convicted of two murder offenses and consistently with United States v. Báez-Martínez, 950 F.3d 119, 127-128 (1st Cir. 2020), they remained crimes of violence.  Id. at p. 4.

[5] Even though petitioner is no longer in custody, the Section 2255 petition is not moot.  See, Carafas v. LaVallee, 391 U.S. 234, 237 (1968)(federal habeas petition not rendered moot by the petitioner's release from custody in light of collateral consequences that survive the satisfaction of sentence imposed on him).  The government does not address the point.

Vargas-De Jesús v. United States
Civil No. 18-1169 (PAD)
Opinion and Order
Page 6

Id.  In other words, apart from claims of constitutional or jurisdictional nature, a cognizable 2255 claim must reveal exceptional circumstances that make the need for redress evident.  Id.  The burden is on petitioner to make out a case for 2255 relief.  Id.

A motion under Section 2255 is not a substitute for a direct appeal.  See, Foster v. Chatman, 136 S.Ct. 1737, 1758 (2016)(addressing topic).  So, "as a general rule, federal prisoners may not use a motion under 28 U.S.C. § 2255 to relitigate a claim that was previously rejected on direct appeal."  Id.  Moreover, "[c]ollateral relief in a § 2255 proceeding is generally unavailable if the petitioner has procedurally defaulted his claim by failing to raise the claim in a timely manner at trial or on direct appeal."  Bucci v. United States, 662 F.3d 18, 27 (1st Cir. 2011).  If a Section 2255 petitioner does not raise a claim on direct appeal, that claim is barred from judicial review unless the petitioner can demonstrate both: (1) cause for the procedural default; and (2) actual prejudice resulting from the error asserted.  Id.

## III.   DISCUSSION

Petitioner claims his sentence should be vacated because under Johnson II, he is no longer a career offender, and in light of Hardy v. United States, 871 F.3d 85 (1st Cir. 2017), his guideline sentencing enhancement as a career offender was erroneous (Docket No. 2, p. 3).  The government counters that petitioner's motion should be denied on procedural and substantive grounds (Docket No. 25).  More to the point, it asserts that petitioner defaulted on his claim by failing to raise it on appeal; and that his career offender designation is valid due to his two second degree murder convictions, which suffice to establish career offender designation.  Id. at pp. 4-5.

Vargas-De Jesús v. United States
Civil No. 18-1169 (PAD)
Opinion and Order
Page 7

### A. Default

Petitioner appealed the sentence in the criminal case to the First Circuit (Crim No. 03-135 (PAD), Docket No. 264).  In that process, the First Circuit noted petitioner's objection "that he should not have been classified as a career offender." Id. at Docket No. 363, p. 2.  Further, it granted petitioner's request to file a successive Section 2255 petition to challenge the career offender designation (Docket No. 1-1, p. 1).  Thus, petitioner's claim may be raised here.

### B. Career Offender

The Armed Criminal Career Act of 1984, 18 U.S.C. § 924(e)("ACCA") provides for enhanced penalties for defendants with three qualifying felony convictions for either a serious drug offense or a violent felony. Id. It defines a "violent felony" as a crime punishable by imprisonment for a term exceeding one year "that (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii)(emphasis added).  The underlined clause is known as the "residual clause." Moore v. United States, 871 F.3d 72, 75 (1st Cir. 2017).

The 2004 version of the Sentencing Guidelines, in effect when petitioner was sentenced, provided that a defendant was a career offender if: (1) the defendant was at least eighteen years old at the time the defendant committed the offense if conviction; (2) that offense was a felony consisting of either a crime of violence or a controlled substance offense; and (3) the defendant had at least two prior felony convictions of either a crime of violence or a controlled substance offense. See, U.S.S.G. § 4B1 (November 1, 2004)(so providing).  In turn, they defined as "crime

of violence" any offense under federal or states law, punishable by imprisonment for a term exceeding one year, that "(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is a burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious or potential risk of physical injury to another."  See, U.S.S.G. § 4B1.1(a)(November 1, 2004)(emphasis added).  Like under the ACCA, the underlined clause is known as "the residual clause."  Beckles v. United States, 580 U.S.----, 137 S.Ct. 886, 891 (2017).

In Johnson II, the Supreme Court held that the residual clause in the ACCA was so vague that it violated due process to use it to increase a defendant's sentence.  See, Johnson II, 576 U.S. at 597 ("Increasing a defendant's sentence under the clause denies due process of law").[6]  In this way, the ACCA's residual clause "is defunct after Johnson II."  United States v. Báez-Martínez, 950 F.3d 119, 124 (1st Cir. 2020).  But in Beckles,137 S.Ct. at 886, the Supreme Court ruled that contrary to the case of the residual clause in the ACCA, the residual clause in Section 4B1.2(a)(2) of the Sentencing Guidelines "is not void for vagueness."  Id. at 892.  This holding disposes of petitioner's claim.

Petitioner was convicted under 21 U.S.C. §§ 841 and 846 and sentenced as a career offender (Crim. No. 03-135 (PAD) (Docket No. 313, pp. 11-12; (Docket No. 260)).  The court noted and considered that petitioner had been convicted of two unrelated second-degree murders (Crim. No. 03-135 (PAD)(Docket No. 313, p. 4).  As a result, it applied the career offender

---

[6] In Welch v. United States, 578 U.S.----, 136 S.Ct. 1257 (2016), the Supreme Court determined that Johnson II announced a new substantive rule that applied retroactively "to cases on collateral review" like the one at bar.  Id. at 1265.

<u>Vargas-De Jesús</u> v. <u>United States</u>
Civil No. 18-1169 (PAD)
Opinion and Order
Page 9

provision.  <u>Id.</u> at p. 11.  While it initially sentenced petitioner to 200 months of imprisonment, it

reconsidered its ruling and lowered the sentence to 188 months.  <u>Id.</u> at pp. 16-17.[7]  The plea

agreement, which petitioner signed, included a career offender adjustment, placing him on notice

of the possibility that he would be considered a career offender under the Sentencing Guidelines

(Crim. No. 03-135 (PAD)(Docket No. 189, p. 5).  And his two prior murder convictions placed

him squarely under the ambit of the career offender realm of Section 4B1.1.  <u>See</u>, <u>Báez-Martínez</u>,

950 F.3d at 132 ("[S]ince murder always results in death (and death is the ultimate injury), the

violence-force requirement is satisfied").[8]  Therefore, the petition must be denied and the case

dismissed.  <u>See</u>, <u>Henderson</u> v. <u>Grondolsky</u>, 370 F.Supp.3d 186, 192-193 (D. Mass. 2019)(noting

dismissal of first Section 2255 petition predicated on claim that residual clause of Sentencing

Guidelines was unconstitutionally vague, as under <u>Beckles</u>, <u>Johnson [II]</u> did not announce a new

rule of constitutional law invalidating the residual clause of the Guidelines).

## IV.    <u>CONCLUSION</u>

For the reasons stated, petitioner's motion under 28 U.S.C. § 2255 is DENIED, and the

case DISMISSED.  Judgment shall be entered accordingly.

## V.    <u>CERTIFICATE OF APPEALABILITY</u>

Pursuant to Rule 11(a) of the "Rules Governing Section 2255 Proceedings for the United

States District Courts," the district court must issue or deny a certificate of appealability ("COA")

---

[7] The plea agreement recommended a sentence of 188 months (Crim. No. 03-135 (PAD)(Docket No. 189).  The agreement provided an adjusted offense level of 31 which, coupled with a career offender designation of VI, yielded a guideline sentencing range of between 188 and 235 months of imprisonment.  <u>Id.</u> at p. 5.

[8] In fact, "second degree murder qualifies as a violent felony under the ACCA." <u>Báez-Martínez</u>, 950 F.3d at 122-125 (so holding).

<u>Vargas-De Jesús</u> v. <u>United States</u>
Civil No. 18-1169 (PAD)
Opinion and Order
Page 10

when it enters a final order adverse  to the applicant.   The court may issue a COA upon "a

substantial showing  of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Because no

such showing has been made in the present case, the court will not issue a COA.  Petitioner may still

seek a certificate directly from the First Circuit under Rule 22 of the Federal Rules of Appellate

Procedure.  The Clerk shall forward a copy of this Opinion and Order to the petitioner.

**SO ORDERED.**

In San Juan, Puerto Rico, this 26th day of March, 2021.

<u>s/Pedro A. Delgado-Hernández</u>
PEDRO A. DELGADO-HERNÁNDEZ
U.S. DISTRICT JUDGE